**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| v. | § | CR. No. C-10-607(1) |
| | § | |
| MARISOL COLIN, | § | |
| | § | |
| Defendant/Movant. | § | |

### ORDER DENYING MOTION TO MODIFY ORDER OF FINE

On March 2, 2011, the Clerk received Movant Marisol Colin's Motion to Defer Restitution and/or Fine payments. (Dkt. No. 48.) She claims reliance on 18 U.S.C. § 3572. Colin was sentenced to 23 months in the Bureau of Prisons after her guilty plea to the charge of Conspiracy to posses with intent to distribute 29 kilograms of marijuana. (Dkt. No. 36.) Colin was not ordered to pay a fine, only the mandatory Special Assessment required by 18 U.S.C. 3013. The Judgment requires payment immediately, and no payment plan was set by the Court. Colin did not appeal.

Colin claims that the Financial Responsibility Program at the Bureau of Prisons which collects fines, restitution, and Special Assessments from inmates, has created a financial hardship on her, but provides little in the way of specifics.

The statute governing Special Assessments, 18 U.S.C. § 3013(b), provides that the "amount so assessed shall be collected in the manner that fines are collected in criminal cases." Id. In certain circumstances, the Court could alter the payment schedule for a fine upon a showing by a defendant that he has suffered a "material change" in his economic circumstances that affects his ability to pay the fine. 18 U.S.C. § 3572(d)(3). This provision is inapplicable in this case, however, because the Court did not set a payment schedule. *See United States v. Cantu-Rivera*, 2005 WL 1130311 (5th Cir.

2005) (unpublished) (affirming district court's denial of motion for remission or modification of fine and noting that, "because the criminal judgment did not call for payment of the fine in installments, 18 U.S.C. § 3572(d)(3) is not applicable"); *see also* 18 U.S.C. § 3572(d)(3) (addressing changes to an installment plan for a fine). Defendant's form motion appears to argue that the Court was required to set the payment schedule, not the Bureau of Prisons by citing 18 U.S.C. § 3572(d), but that provision only applies when the Judgment allows payments over time, which this Judgment does not.

A case from the Seventh Circuit, *United States v. Ellis*, 552 F.3d 737 (7th Cir. 2008), noted no requirement that a sentencing court establish a manner of payment for fines. *Id.* The *Ellis* court held that, in the case of a fine payable immediately, the sentencing court has no obligation or responsibility to set up a payment schedule for that fine. In such a case, a "payment schedule established by the [Bureau of Prisons ('BOP') through the Inmate Financial Responsibility Program ('IFRP')] does *not* conflict with [a] sentencing court's immediate payment order." *Ellis*, 522 F.3d at 738–39 (quoting *McGhee v. Clark*, 166 F.3d 884, 886 (7th Cir. 1999)).

While not binding on this Court, the opinion in *Ellis* is both persuasive and consistent with Fifth Circuit authority. *Cf. United States v. Warden*, 291 F.3d 363, 366 (5th Cir. 2002) (district court did not unlawfully delegate authority to United States Probation Officer to determine the amount and manner of restitution payments where the probation officer was merely responsible for making a determination as to Defendant's ability to pay); *United States v. Arledge*, 553 F.3d 881, 901 (5th Cir. 2008) (district court did not improperly delegate the setting of payments to the Probation Office "[b]ecause both the timing and the amount of payments was clear on the face of the restitution order"); *see also Bloch v. Lake*, 183 Fed. Appx. 471 (5th Cir. 2006) (citing the Seventh Circuit's decision in *McGhee, supra*, as support for the proposition that "[b]ecause the sentencing court set

the amount of restitution and ordered that the restitution was due immediately, there was no unconstitutional delegation of judicial authority").

Finally, to the extent Defendant is arguing that the Court erred in not establishing a payment plan, Defendant should have challenged this alleged error through a direct appeal. It has been more than five months since Defendant's conviction became final and Defendant is now asking the Court to modify its judgment and revise its imposition of a fine due immediately. This Court is without jurisdiction to consider his request. *United States v. Hatten*, 167 F.3d 884 (5th Cir. 1999). In *Hatten*, the Fifth Circuit held that the district court lacked jurisdiction to modify its restitution order by adding a payment plan after the defendant's conviction was final, rejecting various possible bases for jurisdiction including 18 U.S.C. § 3582 and 28 U.S.C. § 2255. 167 F.3d at 887. In so holding, the *Hatten* court noted that restitution is a sentencing issue that should have been raised on direct appeal. 167 F.3d at 887 & n.5. The same is true of Defendant's fine. The Court has no jurisdiction to consider Defendant's request.

For all of the foregoing reasons, Defendant's motion (Dkt. No. 48) is **DENIED**.

It is so **ORDERED.**

**SIGNED** on this 28th day of June, 2011.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE